# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1635

_____

|  |  |  |
|---|---|---|
| Patricia Torlowei, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Target, a Minnesota corporation, | * | |
| | * | [PUBLISHED] |
| Appellee. | * | |

_____

Submitted: November 16, 2004
Filed: March 25, 2005

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Patricia Torlowei appeals the district court's grant of summary judgment in favor of Target on her race discrimination claim brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Having reviewed the record de novo, see Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005), we affirm.

The district court's Memorandum and Order thoroughly addresses the relevant facts and their application to the law in this case. We wish to clarify, however, a portion of the court's statement of the law of this circuit in Title VII cases. In its analysis of Torlowei's race discrimination claim, the district court relied on Dunbar

v. Pepsi-Cola General Bottlers of Iowa, Inc., 285 F. Supp. 2d 1180 (N.D. Iowa 2003), to conclude that Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), changed the traditional McDonnell Douglas summary judgment analysis by allowing a plaintiff to defeat summary judgment either by showing pretext, *or*, even if pretext could not be shown, by showing that the plaintiff's race was at least one motivating factor in the adverse action. After the district court's opinion in this case was issued, this court, in Griffith v. City of Des Moines, 387 F.3d 733, 735-36 (8th Cir. 2004), held that "Desert Palace had *no* impact on prior Eighth Circuit summary judgment decisions." Id. at 736. We stressed that Desert Palace is applicable to post-trial jury instructions, and not to the analysis performed at summary judgment. And we concluded that any language in Desert Palace that may seem to point to a change in the McDonnell Douglas framework refers only to the traditional understanding that direct evidence–evidence, circumstantial or otherwise, that shows a strong causal connection between discriminatory animus and the adverse employment action–is another method of defeating a defendant's summary judgment motion. Id. The district court's recitation of the law would have been complete without reference to Desert Palace in this summary judgment case.

We agree with the district court that Torlowei has failed to present a prima facie case of race discrimination under Title VII. In essence, Torlowei's complaint seeks to invoke the appellate powers of this court not to right a discriminatory wrong, but to review the fairness of Target's policies and the effectiveness of its computer system.[1] Torlowei would have us decide this case on the basis of fairness, not

---

[1]Indeed, while providing no admissible evidence of a prima facie case or pretext, Torlowei's briefs focus mostly on arguments that Target should have provided better training to all of its collectors, that it should have utilized a better computer system, that termination is too harsh a result for falsification of company documents, and that Torlowei had nothing to gain by such falsification. At one point, Torlowei's brief argues that since Target could have taken additional steps to avoid falsification at all, it was "grossly unfair" to fire employees who do. At argument,

evidence of racial discrimination.  This, of course, we cannot do.  We have oft repeated the maxim that "[f]ederal courts do not sit as a super-personnel department that reexamines an entity's business decisions." <u>Wilking v. County of Ramsey</u>, 153 F.3d 869, 873 (8th Cir. 1998) (quotation omitted) (alteration in original).

      Accordingly, we affirm.

_____

---

Torlowei argued that her termination was unfair given that her falsification was such a "small thing" when compared to the many phone calls handled by Target's call center.  None of this, of course, presents a prima facie case or provides evidence of pretext under <u>McDonnell Douglas</u>.